NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY KLEIN,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CITY OF BEVERLY HILLS; DANIEL CHILSON; MICHAEL PUBLICKER; DAVID L. SNOWDEN, Chief,<br><br>　　　　　　Defendants-Appellees. | No.　15-56279<br><br>D.C. No.<br>2:13-cv-00110-JFW-VBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 10, 2017
Pasadena, California

Before: TASHIMA and NGUYEN, Circuit Judges, and MARBLEY,[**] District Judge.

Gary Klein appeals the district court's grant of summary judgment in favor

of Defendants on his judicial deception claims. Klein argues that Defendants

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

violated his Fourth Amendment rights by obtaining three search warrants through judicial deception. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** Klein argues that Detective Chilson, the affiant on all three warrants, "misled the magistrate judge when applying for the warrant[s]." *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011). Klein has failed to show a triable issue of material fact that Detective Chilson made deliberately or recklessly false statements, and that, but for his dishonesty, the warrants would not have been issued. *See Chism v. Washington*, 661 F.3d 380, 386 (9th Cir. 2011) (quoting *Liston v. Cty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997)). Klein's judicial deception claims fail at the first step because many of Detective Chilson's statements were not deliberately or recklessly false. For example, Detective Chilson correctly noted Klein's request that no autopsy be performed on his wife's body and Klein's suggestion that his wife be placed on dialysis treatment.

**2.** Even assuming the affidavits contained misstatements or omissions, they were not "material to the magistrate judge's probable cause determination." *Id.* at 388-89; *see also Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997) ("[W]hen it is not plain that a neutral magistrate would not have issued the

---

[1] In a concurrently filed per curiam opinion, we reversed the district court's conclusion that Klein's claim as to the first warrant issued and executed on August 3, 2009, is time-barred. As we explain here, however, Klein's claims of judicial deception fail on the merits.

warrant, the shield of qualified immunity should not be lost.").  The affidavits contain ample probable cause separate and apart from any purported misrepresentations, including: the fact that Klein's wife was seeking a divorce; his wife's statements to others that, three weeks before her death, Klein had threatened her, claiming that he could "get rid of her" and that "no one would know how she died;" Klein's anger at the prospect of a full autopsy; Klein's phone call to his probate attorney less than twenty-four hours after his wife's death to ask about her financial situation; and the forged signatures on the codicil to his wife's will.

**AFFIRMED in part; REVERSED in part.**